UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MOTHANA MAHER HUSSEIN,

          Plaintiff,

v.

CONSOLIDATED EDISON, INC.,

          Defendant.

-------------------------------------------------------x

**MEMORANDUM AND ORDER**
24-cv-4480 (RPK) (AYS)

RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Mothana Maher Hussein, a customer of utility company Consolidated Edison, Inc. ("Con Edison"), Am. Compl. 1 (Dkt. #13), has filed an amended complaint that alleges violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, and state law. Defendant has moved to dismiss. Mot. Dismiss (Dkt. #24). Plaintiff has sought leave to file a second amended complaint that contains claims under the ECOA, Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and state law. 2nd Mot. to Amend. (Dkt. #32). For the reasons that follow, defendant's motion to dismiss is granted, plaintiff's motion for leave to file his proposed second amended complaint is denied as futile, and the complaint is dismissed with prejudice.

## BACKGROUND

The following facts, assumed true for the purposes of this order, are drawn from the operative amended complaint.

### 1. Plaintiff's Complaint and Amended Complaint

Plaintiff filed an initial complaint against the "Occupant of the Office of CEO & CFO of Consolidated Edison, Inc." on June 24, 2024, asserting violations of the Fair Debt Collection

1

Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Compl. (Dkt. #1). The Court directed plaintiff to show cause why his claim under the FDCPA should not be dismissed because Con Edison is not a debt collector under that statute. *See* Aug. 29, 2024 Order.

Plaintiff did not respond to the order to show cause, but he instead sought leave to file an amended complaint against Con Edison, alleging that the company violated both the FDCPA and the ECOA. Am. Compl. He alleges in the amended complaint that Con Edison violated the ECOA by refusing to accommodate his request to "rescind the security interest attached to Plaintiff's consumer credit application" and engaging in "discriminatory practices in managing Plaintiff's account." Am. Compl. 4.

The Court accepted plaintiff's amended complaint but dismissed its FDCPA claims for the reason explained in the Court's order to show cause. Sept. 5, 2024 Order.

Defendant then submitted a letter arguing that the amended complaint should be dismissed in its entirety. Among other arguments, defendant contended that the complaint failed to state an ECOA claim. Defendant argued that, if plaintiff's ECOA claim was dismissed, the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims.

On October 18, 2024, plaintiff filed a document styled as a "second amended complaint with brief and responses to defendant's motions to dismiss both complaints." 2nd Mot. to Amend. The proposed second amended complaint contains additional ECOA allegations related to Con Edison's alleged misclassification of plaintiff's account as commercial. It also raises a new claim under the TILA, likewise premised on Con Edison's misclassification of plaintiff's account. *Id.* at 28–29 (ECF pagination). In addition, it includes state law claims for unjust enrichment and violations of New York General Business Law ("GBL") § 349. *Id.* at 29–30. Con Edison opposes the motion to amend. *See* Mem. of L. 15–17 (Dkt. #36).

The Court directed plaintiff to file a letter explaining why granting leave to amend his complaint to include the ECOA and TILA claims would not be futile, *see* July 28, 2025 Order, and plaintiff then submitted a letter in response, *see* Ltr. (Dkt. #56).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The facial "plausibility standard is not akin to a probability requirement," but it requires a plaintiff to allege sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (citing *Twombly*, 550 U.S. at 556) (quotation marks omitted). In contrast, a complaint fails to state a plausible claim when, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or when, as a matter of fact, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," *Iqbal*, 556 U.S. at 679.

A *pro se* plaintiff should generally be granted leave to amend a complaint at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted). But "leave to amend need not be granted when amendment would be futile." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016).

The complaint of a *pro se* plaintiff must be "liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and quotation marks omitted). *Pro se* status,

3

however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

The ECOA claim in plaintiff's first amended complaint is dismissed for failure to state a claim, and the Court declines to exercise supplemental jurisdiction over the remaining claims in the first amended complaint, which arise under state law. Leave to file a second amended complaint is denied because the proposed amendments would be futile.

### I. Plaintiff's ECOA Claims Are Dismissed for Failure to State a Claim.

Plaintiff fails to state a claim under the ECOA. The ECOA makes it "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction[] (1) on the basis of race, color, religion, national origin, sex or marital status, or age . . .; (2) because all or part of the applicant's income derives from any public assistance program; or (3) because the applicant has in good faith exercised any right under this chapter." 15 U.S.C. § 1691(a). Plaintiff fails to adequately plead an ECOA claim because he does not allege any actionable discriminatory conduct. Plaintiff alleges that defendant refused to accommodate his request to "rescind the security interest attached to Plaintiff's consumer credit application," Am. Compl. 4, but does not set forth any facts suggesting that this refusal was based on any attribute or activity protected under the ECOA. And while plaintiff's complaint also states that defendant engaged in "discriminatory practices in managing Plaintiff's account," *ibid.*, this allegation is too vague and conclusory to state a claim.

## II. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's State Claims.

Having dismissed plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over plaintiff's state claims. *See id.* at 4–5. Four factors bear on whether a court should exercise supplemental jurisdiction: "judicial economy, convenience, fairness, and comity." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 81 (2d Cir. 2018). Generally, where "a plaintiff's federal claims are dismissed before trial, 'the state claims should be dismissed as well.'" *Brzak v. United Nations*, 597 F.3d 107, 113–14 (2d Cir. 2010) (quoting *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008)). Plaintiff has not provided a persuasive reason to depart from the usual practice of declining to exercise supplemental jurisdiction once federal claims are dismissed. Accordingly, plaintiff's state claims are dismissed.

## III. The Amendments in the Proposed Second Amended Complaint Would Be Futile.

Plaintiff is denied leave to file his proposed second amended complaint because the amendments that plaintiff proposes would be futile. Plaintiff's proposed second amended complaint would be subject to dismissal because it fails to state a claim under the ECOA or TILA, and the Court would decline to exercise supplemental jurisdiction over the state law claims.

Plaintiff's proposed ECOA claims would fail for the same reasons stated above. The proposed second amended complaint alleges plaintiff's account was misclassified but does not set forth facts suggesting that the misclassification was based on any attribute or activity protected under the ECOA. *See* 2nd Mot. to Amend 28–29. The complaint therefore does not allege any actionable discriminatory conduct.

The proposed second amended complaint also fails to state a claim under the TILA. The TILA "impos[es] mandatory disclosure requirements on those who extend credit to consumers in

5

the American market." *Strubel v. Comenity Bank*, 842 F.3d 181, 186 (2d Cir. 2016) (quoting *Mourning v. Family Publ'ns Serv., Inc.*, 411 U.S. 356, 363 (1973)). Even assuming defendant is a creditor within the meaning of TILA, plaintiff's claim fails because he does not allege that defendant failed to comply with a "mandatory disclosure requirement[]" or any other requirement in TILA. *Ibid.* (quoting *Mourning*, 411 U.S. at 363).

Further, even if the Court considered plaintiff's additional filings, plaintiff fails to state a claim. To the extent plaintiff seeks to raise a claim under the Public Utility Regulatory Policies Act ("PURPA"), *see* Pl.'s Supp. Br. 1–2 (Dkt. #40), his claim fails because PURPA only provides a private right of action to an "electric utility, qualifying cogenerator, or qualifying small power producer," not to an individual consumer, 16 U.S.C. § 824a–3(h)(2)(B); *see Allco Fin. Ltd. v. Klee*, 805 F.3d 89, 92 (2d Cir. 2015), *as amended* (Dec. 1, 2015); *Coal. for Competitive Elec., Dynegy Inc. v. Zibelman*, 272 F. Supp. 3d 554, 565 (S.D.N.Y. 2017), *aff'd* 906 F.3d 41 (2d Cir. 2018).

For the reasons stated in connection with the state law claims in plaintiff's amended complaint, if plaintiff's second amended complaint were filed, the Court would decline to exercise supplemental jurisdiction over plaintiff's proposed state law claims. Accordingly, leave to file the proposed second amended complaint is denied as futile.

### IV.   Further Leave to Amend Is Denied.

While "[o]rdinarily," a court "should not dismiss a *pro se* plaintiff's claim without leave to amend when a liberal reading of the complaint gives any indication that a valid claim might be stated," dismissal with prejudice is appropriate when "amendment would be futile" because "there is no indication that [the plaintiff] might plead a valid claim." *Hariprasad v. New York*, 722 F. App'x 102, 103 (2d Cir. 2018). Here, plaintiff has filed three versions of his complaint with the

court, and none gives any indication that a valid claim could be stated through further amendment. Accordingly, further leave to amend is denied.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted, and plaintiff's motion for leave to file his proposed amended complaint is denied. The complaint is dismissed with prejudice because a liberal reading of plaintiff's filings does not give any indication that a valid claim could be stated in an amended complaint. The Clerk of Court is respectfully directed to enter judgment, close the case, and mail a copy of this order to plaintiff.

SO ORDERED.

                                                                               /s/ Rachel Kovner
                                                                         RACHEL P. KOVNER
                                                                         United States District Judge

Dated: August 14, 2025
       Brooklyn, New York